UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 22-9181 |
| v. | : | Hon. Cathy L. Waldor |
| ALEXANDER MEDINA-NUNEZ | : | **CRIMINAL COMPLAINT** |

I, Special Agent Anthony Ciarnella, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof:

By phone
Anthony Ciarnella
Special Agent
Homeland Security Investigations

Special Agent Anthony Ciarnella attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), on April 8, 2022.

HONORABLE CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

s/CATHY L. WALDOR 4/8/22
Signature of Judicial Officer

1

## ATTACHMENT A

### COUNT ONE
(Possession with Intent to Distribute Cocaine)

On or about April 7, 2022, in the District of New Jersey and elsewhere, the defendant,

ALEXANDER MEDINA-NUNEZ,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## **ATTACHMENT B**

I, Anthony Ciarnella, am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers and cooperating sources, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Law enforcement has been investigating a drug trafficking organization ("DTO") operating in New Jersey, the Dominican Republic, and elsewhere. The investigation has revealed that the DTO utilizes the United States Postal Service ("USPS") to ship large quantities of controlled substances into the United States for further distribution.

2. Pursuant to this investigation, on or about March 31, 2022, law enforcement intercepted a USPS package containing both motorcycle parts and approximately 570 grams of white powdery substance that field-tested presumptively positive for the presence of cocaine (the "Package"). The Package had been shipped from the Dominican Republic and was addressed to an individual ("Individual-1") at an address in Perth Amboy, New Jersey (the "Perth Amboy Address").

3. Law enforcement obtained court authorization to install a GPS tracking device (the "Device") inside the Package. On or about April 7, 2022, after placing the Device within the Package, law enforcement conducted a controlled delivery of the Package to Individual-1 at the Perth Amboy, Address.

4. Law enforcement surveilled Individual-1 as Individual-1 delivered the Package to Alexander Medina-Nunez ("Medina-Nunez") in or around Perth Amboy, New Jersey. The Device also indicated the movement of the package from the Perth Amboy Address to Individual-1's meeting with Medina-Nunez.

5. Thereafter, law enforcement arrested Medina-Nunez and advised him of his *Miranda* rights. Medina-Nunez waived his *Miranda* rights and agreed to speak with investigators. Medina-Nunez admitted to receiving the Package, knowing that the Package contained controlled substances intended for distribution. In addition, Medina-Nunez provided consent for law enforcement to search his cellular phone, which contained photos of controlled substances and drug paraphernalia, including a scale commonly used to weigh narcotics.